UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

DANIEL GALARZA,

                    Plaintiff,

          -against-                                    16-cv-5989 (JGK )

Police Officer Monti, Badge Number                     COMPLAINT
954148,  New York City Police
Department, City Of New York,                          JURY TRIAL DEMANDED
William de Blasio, Mayor of the City of
New York, William Bratton, Chief of the
New York City Police Department

                    Defendants.
-------------------------------------------------------------x


## JURISDICTION AND VENUE

1. This is an action brought under the Constitution of the United States,

particularly the First, Fourth and Fourteenth Amendments to the United States

Constitution, the Constitution of the State of New York and under the common law

of the State of New York. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343,

1367, 2201, and 2202, and 42 U.S.C. §§1983 and 1988. Plaintiff invokes the pendant

and supplemental jurisdiction of this court pursuant to 28 U.S.C §1367.

2. Venue is based on 28 U.S.C. § 1391 (b) and (c).

1

<u>JURY TRIAL DEMANDED</u>

3. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

<u>PARTIES</u>

4. Plaintiff is a citizen and was lawfully in the United States at the time of the events.

5. Defendant, the City of New York, is and was at all times that are relevant herein a municipal entity created and authorized under the laws of the State of New York. The City of New York is authorized, by law, to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant the City of New York, assumes the risks incidental to the maintenance of a police force and employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department. Officers present at the time of the incidents were duly appointed and acting officers, servants, employees and agents of the City of New York, and/r the New York City Police Department, a municipal agency of the Defendant the City of New York. Employees of the New York City Police Department are and were at all times that are relevant herein, acting under color of state law and in the course and

2

scope of their duties and functions as officers, agents, servants, and employees of the

defendant, the City of New York, were acting for , and on behalf of, and with the

power and authority vested in them by the City of New York and the New York City

Police Department, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful functions and in the course of their

duties.

6. Defendant William de Blasio is the Mayor of the City of New York.

7. Defendant, William Bratton is the Chief of the New York City Police

Department.

8. Defendant, Police Office Monti, Shield Number 954148, was at all relevant

times a police officer in the New York City Police Department.


STATEMENT OF RELEVANT FACTS


9. The plaintiff is an individual who resides in New York City. The plaintiff is a

street photographer and earns his living taking photographs of individual, for pay, in

and around Times Square in the City of New York.


10. The plaintiff has been engaged in the artistic work of being a photographer

for over twenty years and for most of that time he has been harassed and treated

3

differently than similarly situated photographers and artistic vendors in the locations

he vends , specifically but not limited to, Times Square in the City of New York.

Exhibit A is a partial list of the arrests, tickets or citations he has received for various

minor infractions including but not limited to illegal vending, obstructing pedestrian

traffic and other infractions . Most if not all have been dismissed and the seemingly

endless tickets, arrests and harassment are a continuing violation of his rights under

the New York State and United States Constitutions.


11. In or about July 29, 2013, Mr. Galarza was working as an artistic vendor at

Times Square, when the defendant, Police Officer Monti , Shield Number  954148 ,

approached Mr. Galarza who was huddled under an awning in the pouring rain.


12. On said date, Defendant Monti accused the plaintiff of illegally vending and

obstructing pedestrian traffic although Mr. Galarza was not obstructing pedestrian

traffic and was in the process of packing up his equipment to leave the Times Square

area.


13. Defendant Monti engaged in a conversation with Mr. Galarza accusing him

of violating the law and in response, Mr. Galarza disputed Defendant Monti's

accusations and stated he was not violating the law and that he was tired of being harassed by the New York City Police Department.

14. In response to Galarza's statement, Defendant Monti arrested Mr. Galarza and threw his equipment, which included but was not limited to his camera, printer and computer, into the trunk of his police van which damaged the equipment to such an extent that his property was irrevocably broken and could not be fixed or used for the purposes intended, thus not allowing Mr. Galarza from being able to work as an artistic vendor.

15. Mr. Galarza was arrested and charged with a violation of the Administrative Code §20-465, "Restrictions on the placement of vehicles, pushcarts and stands; vending in certain areas prohibited". Mr. Galarza was arrested and booked for said minor violation even though it is not the practice and procedure to arrest individuals for this violation of the New York City Administrative Code and he was, upon information and belief, treated differently than other artistic vendors and vendors in being charged, being arrested, being harassed and singed out, being retaliated against and having his property destroyed.

16. When his case came up for a trial, the case was summarily dismissed.

5

17. The actions and omissions of Police Office Monti were part of an ongoing and deliberate campaign against Mr. Galarza such that he was singled out on a daily basis when he vended and although he reported to the New York City Police Department that he was being singled out for such harassment, said illegal conduct by the New York Police Department never ended, although similarly situated photographer vendors were not treated in such an outrageous fashion.

18. As a result of Mr. Galarza's equipment being destroyed he was unable to engage in his work as an artistic vendor and has not engaged s an artistic vendor since July 29, 2013.

19. As a result of the individual defendant's actions and omission of July 29, 2013, he was frightened and scared to continue as a vendor and the illegal actions and omission of the defendants in that both their continuous actions of harassing and retaliating against him and singling him out and failing to curtail the actions and omissions of the both the defendant Monti and the officers who harassed and retaliated against him over the many years he was subjected to the New York City Police Department's illegal actions and omissions Mr. Galarza's First Amendment rights were chilled in that he was frightened to engage as an artistic vendor for fear

that he would again be harassed, falsely charged, have his equipment destroyed again, be assaulted and in general be forced to endure more and further violent harassment and retaliation.


## FIRST CLAIM

DEPRIVATION OF RIGHTS UNDER
THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983


20. The plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully set forth herein.


21. By their conduct and actions in unlawfully arresting, harassing, destroying plaintiff's property  and assaulting plaintiff, violating rights to equal protection of plaintiff, falsely arresting plaintiff, falsely issuing tickets, unlawfully searching and seizing plaintiff, unlawfully converting plaintiff's property, violating and retaliating for plaintiff's exercise of his rights to free speech and assemble, inflicting emotional distress upon plaintiff, abusing process against the plaintiff, fabricating an account and/or evidence with regards to plaintiff, violating rights to due process or plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other

7

defendants, defendants acting under color of law and without lawful justification, intentionally , maliciously , and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

22. The plaintiff incorporates by reference the allegations set forth in paragraphs one (1) through twenty-one (21) as if fully set forth herein as paragraph rwenty-two (22).

23. By their conduct in failing to remedy the  wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, defendants caused damage and injury in violation of plaintiff's rights guaranteed  under 42 U.S.C. §1983 and the United States Constitution, including its First Fourth and Fourteenth Amendments.

24. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATION

25. The plaintiff incorporates by reference the allegations set forth in paragraphs one (1) through twenty-four as if fully set forth herein in paragraph twenty-five (25).

26. At all times material to this complaint. Defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had  de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

27. At all times material to this complaint, defendant, THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, s screen, supervise, or discipline employees and police officers, and of failing to inform

9

the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants . These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK , acting through its police department, and through the individual defendants, had de facto  policies, practices, customs, and usages or encouraging and/or tacitly sanctioning the use of excessive force by members of the New York Police Department and of encouraging and/or tacitly sanctioning the violation of and/or retaliating for the exercise of free speech that is critical of members of the New York Police Department or is perceived by members of the New York Police Department as questioning their authority. These practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

29. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department  and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers 'misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."

10

Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

30. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, frisks and arrests which are implemented on vendors of protected First Amendment expression. Such policies practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

31. As a result of the foregoing, plaintiff was deprived of his liberty and property, experience injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c .Costs, interest and attorney's fees;

11

d, Jury Trial;

e. Such further and other relief as this court may deem appropriate and

equitable.

Dated: New York, New York
        July 27, 2016

/s/ Noah A. Kinigstein
_____
Noah A. Kinigstein, Esq.
Attorney for Plaintiff- Galarza
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 285-9300
Fax.: (212) 385-2608
E-mail.: nakasequal@aol.com

12