# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Daniel GARZA

_(List the full name(s) of the plaintiff(s)/petitioner(s).)_

16 cv 5989 DGK( )

-against-

**NOTICE OF APPEAL**

Police Officer Jason Monti
Badge# 954148, City of Newyork

_(List the full name(s) of the defendant(s)/respondent(s).)_

Notice is hereby given that the following parties: _____

Daniel GARZA

_(list the names of all parties who are filing an appeal)_

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☒ order entered on: Aug 6 2018

_(date that judgment or order was entered on docket)_

that:

_____

_(If the appeal is from an order, provide a brief description above of the decision in the order.)_

9-13-18
Dated

_Signature_

Daniel GARZA
Name (Last, First, MI)

3036 Kingsbridge terrace Bronx NY 10463
Address / City / State / Zip Code

347-335-7970
Telephone Number

DGARZA@Me.com
E-mail Address (if available)

---

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Daniel GARZA

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

16 cv 5989 (JGK)( )

-against-

Police officer Monti badge # 954148, New York City Police Department city of NY

(List the full name(s) of the defendant(s)/respondent(s).)

**MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

I move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal in this action. I would like to appeal the judgment entered in this action on  9-13  but did not file a notice of appearance within the required time period because:

I understood it was 30 Business Days not 30 Days
Lawyer quit sudenly to my surprize

(Explain here the excusable neglect or good cause that led to your failure to file a timely notice of appeal.)

Dated: 9-13-18

Signature: Daniel

Name (Last, First, MI): GARZA Daniel

Address: 3036 Kingsbridge terrace #2   City: Bronx   State: NY   Zip Code: 10463

Telephone Number: 347-335-7970

E-mail Address (if available): DGARZAOMK.@om

Rev. 12/23/13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Daniel GARZA

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

16 CV 5989 (JGK)( )

-against-

Police Officer Monti 954148

NYC Police City of New York

(List the full name(s) of the defendant(s)/respondent(s).)

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

9-13-18
Dated

Signature

Daniel GARZA
Name (Last, First, MI)

3036 Kingsbridge Terrace  Bronx  NY  10463
Address                   City    State  Zip Code

347-335-7970
Telephone Number

DGARZA@MR.com
E-mail Address (if available)

Rev. 12/23/13

## Application to Appeal In Forma Pauperis

_____ v. _____     Appeal No. _____

District Court or Agency No. _____

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: [signature]

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 9-13-18

My issues on appeal are: (required):

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ | $ 0 | $ |
| Self-employment | $ 0 | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |

- 1 -

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ 0 | $ | $ | $ |
| Gifts | $ 0 | $ | $ | $ |
| Alimony | $ 0 | $ | $ | $ |
| Child support | $ 0 | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ | $ |
| Unemployment payments | $ 0 | $ | $ | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ | $ |
| Other (specify): ~~stripped~~ | $ ~~160.50~~ | $ | $ | $ |
| **Total monthly income:** | $ 0 | $ 0 | $ 0 | $ 0 |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| NA | NA | NA | $ NA |
| | | | $ |
| | | | $ |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| NA | | | $ NA |
| NA | | | $ NA |
| NA | | | $ NA |

- 2 -

4. *How much cash do you and your spouse have?* $ 0

   *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

   | Financial Institution | Type of Account | Amount you have | Amount your spouse has |
   |---|---|---|---|
   | NA | NA | $ NA | $ |
   | | | $ | $ |
   | | | $ | $ |

   *If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

   | Home | Other real estate | Motor vehicle #1 |
   |---|---|---|
   | (Value) $ 0 | (Value) $ 0 | (Value) $ 0 |
   | | | Make and year: |
   | | | Model: |
   | | | Registration #: |

   | Motor vehicle #2 | Other assets | Other assets |
   |---|---|---|
   | (Value) $ 0 | (Value) $ 0 | (Value) $ 0 |
   | Make and year: | | |
   | Model: | | |
   | Registration #: | | |

- 3 -

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NA | $ | $ |
| NA | $ | $ |
|  | $ | $ |
|  | $ | $ |

7. *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
|  |  |  |
| NA |  |  |
|  |  |  |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) <br> Are real estate taxes included? ☐ Yes ☑ No <br> Is property insurance included? ☐ Yes ☐ No | $ 0 | $ NA |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 100 | $ NA |
| Home maintenance (repairs and upkeep) | $ 0 | $ |
| Food | $ 200 | $ |
| Clothing | $ 0 | $ |
| Laundry and dry-cleaning | $ 15.00 | $ |
| Medical and dental expenses | $ 0 | $ |

- 4 -

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 0 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ 0 | $ |
|     Life: | $ 0 | $ |
|     Health: | $ 0 | $ NA |
|     Motor vehicle: | $ 0 | $ |
|     Other: | $ 0 | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
|     Motor Vehicle: | $ | $ |
|     Credit card (name): NA | $ | $ |
|     Department store (name): | $ | $ |
|     Other: | $ | $ |
| Alimony, maintenance, and support paid to others NA | $ 0 | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ 0 | $ 0 |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    ☐ Yes     ☑ No     If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☑ No

    *If yes, how much?* $ 0

- 5 -

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

    I'm not working and have no income

12. *Identify the city and state of your legal residence.*

    City __Bronx__   State __NY__

    Your daytime phone number: __347-335-7970__

    Your age: __52__   Your years of schooling: __10th__

    Last four digits of your social-security number: __4564__

Case 1:16-cv-05989-JGK Document 58 Filed 08/10/18 Page 1 of 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL GALARZA,

                Plaintiff,                16 **CIVIL** 5989 (JGK)

    -against-                              **JUDGMENT**

POLICE OFFICER JASON MONTI, Badge
Number 954148, NEW YORK CITY POLICE
DEPARTMENT, CITY OF NEW YORK,
                        Defendants.
------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated August 6, 2018, the Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendants' motion for summary judgment is granted and judgment is entered dismissing the plaintiff's claims with prejudice; accordingly, the case is closed.

**Dated:** New York, New York
          August 10, 2018

                                                      **RUBY J. KRAJICK**

                                                        **Clerk of Court**
                                   **BY:**     _KMargo_
                                                        **Deputy Clerk**

law supports the existence of the right in question; and (3) whether under preexisting law, a reasonable defendant official would have understood that his actions were unlawful. Benitez v. Wolff, 985 F.2d 662 (2d Cir. 1993) (citing Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991)); see also Malsh v. Austin, 901 F. Supp. 757, 764 (S.D.N.Y. 1995).

The plaintiff argues that Officer Monti violated his First Amendment rights when Officer Monti arrested the plaintiff in retaliation for his expression of vending in Times Square. However, as discussed above, it is plain that Officer Monti had probable cause to arrest the plaintiff because there was an outstanding warrant for the plaintiff's arrest. Therefore, the plaintiff can only overcome a claim of qualified immunity if it was clearly established at the time of the arrest that the plaintiff had a right to be free from a First Amendment retaliatory arrest even where there was probable cause for the arrest. The Supreme Court made clear in Reichle v. Howards, 566 U.S. 658 (2012), and again in Lozman, that such a right is not clearly established. Reichle, 566 U.S. at 664-69 ("This Court has never recognized a First Amendment right to be free from retaliatory arrest that is supported by probable cause. . . [arresting officers] are thus entitled to qualified immunity."); Lozman, 138 S. Ct. at 1954 ("[W]hether in a retaliatory arrest case [suit should be barred] where probable cause exists . . .